### 8562

### McLESTER v. BARLOW.

1. EVIDENCE—APPEAL.—Where parol evidence has been admitted without objection to prove an original and substituted agreement for the sale of stock, an exception that it was error to admit parol evidence to vary the terms of a receipt which defendant contended was a memoranda under the statute of frauds is not considered.

2. CONTRACTS—IBID.—Where the main issue was whether there was a substitute agreement, a failure on part of the trial Judge to construe a receipt connected with the transaction is not prejudicial.

Before RAMAGE, C. J., special Judge, Dillon, Fall term, 1912.    Affirmed.

Action by S. P. McLester against G. D. Barlow.    Defendant appeals.

*Messrs. Gibson & Muller* and *T. I. Rogers,* for appellant.

*Messrs. Gibson & Muller* cite: *Parol evidence is not admissible to vary the receipt:* Jones on Ev., Sec. 445; 56 A. S. R. 664.

*Messrs. J. K. Owens* and *T. D. Maness,* contra, cite: *A written contract may be modified or rescinded by parol:* 124 U. S. 572; 63 U. S. 45; 96 U. S. 689; 101 U. S. 522; 79 S. C.; 46 S. C. 91; Fry Spec. Per., sec. 694; 2 Story Eq. Jur. 770.

May 28, 1913.   The opinion of the Court was delivered by

Mr. Chief Justice Gary.   The appellant's attorneys preface their argument with the following statement of the facts, which we adopt:

"The above entitled case was brought by the plaintiff, to recover of the defendant the sum of thirteen hundred and sixty-five dollars, with interest from the dates of payment on certain cotton mill stock, purchased by the plaintiff from the defendant. The complaint alleges payments of the amount in small items, running from February the 20th, 1909, to July the 10th. The stock purchased was forty shares of the Dillon Cotton Mills, at the price of forty-two hundred dollars, represented by the defendant according to complaint, to be worth one hundred and forty dollars a share. Plaintiff alleges that it was absolutely worthless, and the plaintiff received nothing for the money so paid. He alleges also that on the —— day of August, 1910, the contract of purchase was rescinded, and defendant agreed to return the money paid. The defendant denied the contract of rescission, and alleged that the contract of sale was entered into in good faith, and was still binding, and that he was ready and willing to transfer the stock, upon the balance of the purchase money being paid. He also by way of affirmative relief, asked for specific performance

of the contract, and in case plaintiff refused to comply, that then, the stock be sold at public auction, and the proceeds be applied to the purchase price thereof, and that defendant have judgment against the plaintiff for any deficiency. The case came on to be heard at the Fall term, 1912, in the Court of Common Pleas, before Judge Ramage and a jury, and resulted in a verdict for the plaintiff in the full amount asked.

"The exceptions raise practically two questions:

I. "Whether or not there was error on the part of the Court in admitting oral testimony to vary and contradict the terms of a receipt, which was in evidence and which defendant contended, was a memorandum under the statute of frauds.

II. "Whether or not it was error for the Court to refuse to construe the said receipt or memorandum, and charge the jury that under the contract of sale the equitable title to the stock vested in McLester and became his property, the defendant holding it only as security for the balance of the purchase money."

We proceed to consider the exceptions raising the first of said questions.

Testimony in behalf of the plaintiff, for the purpose of proving the original as well as the second or substituted agreement, was introduced without objection. These exceptions must therefore be overruled.

We will next consider the exceptions raising the second question.

The receipt therein mentioned was as follows:

"$1,000.00.                    Dillon, S. C., Feb. 20. '09.

Received of S. P. McLester ten hundred & 00-100 Dollars, part payment on forty (40) shares Dillon Cotton Mills; balance due me is thirty-two hundred ($3,200) dollars. Said stock to be transferred to S. P. McLester soon as paid for.          G. D. BARLOW."

His Honor, the presiding Judge, thus stated the issues to the jury, which were admitted by the respective attorneys to be correct:

"Now, gentlemen, I am going to endeavor in a few words, to state what the issues are, as I conceive them. As I understand, the plaintiff claims that there was a substitute agreement; in other words, that he was to get back his money under certain conditions set out in the complaint. That, as I understand it, is the main issue here today, that substitute agreement; or, in other words, the second agreement that is claimed took the place of the first.

"Now, the defendant comes into Court, and denies that substitute agreement, and sets up a counterclaim. He asks not only that the plaintiff be denied the relief that he asks for, but that he have judgment against the plaintiff for the balance of the purchase money. The Court (addressing counsel) : "I believe, gentlemen, those are the issues? Mr. Owens: "Yes, sir." Mr. Gibson: "Yes, sir."

After his Honor, the presiding Judge, had charged the jury, the record shows that the following took place:

The Court (addressing counsel) : "Is there anything further either side wishes charged?

Mr. Muller: "I would like for the Court to construe that receipt, and to charge that if this contract was made for the purchase of this cotton mill stock, that the equitable title to that stock immediately passed to the plaintiff.

The Court: "I don't want to go into that, Mr. Muller."

After the verdict was rendered, the following agreement was stated in open Court: Mr. Rogers: "It is agreed that the verdict shall stand as it is, and that the interest be calculated by the clerk of Court, as demanded in the complaint."

As the main issue was, not as to the amount involved, but whether there was a substituted agreement, we fail to

see wherein the ruling of his Honor, the Circuit Judge, was prejudicial to the rights of the appellant.

Judgment affirmed.